UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MARBIN RODRIGUEZ,　　　　　　　　　　　　　　　　CV-18-3845 (JMA) (JMW)

　　　　　　　　　　Plaintiff,

　　　　　-　against　-

THE COUNTY OF NASSAU, THE POLICE
COMMISSIONER FOR NASSAU COUNTY 5TH
PRECINCT, DETECTIVE DIANA KELLY,
SGT. GUBBA (#8580), POLICE OFFICER
NORDQUIST (#9445); PO LEEB (#9554),
PO McGOWAN (#9956), PO DIGIAN BATTISTA
(#9636), PO GROGAN (#9854), and JOHN DOE
Police Officers, #1115 in their individual and official
capacity each and every one of the defendants,

　　　　　　　　　　Defendants.
------------------------------------------------------------------X

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 56

　　　　　　　　　　　　　　　　　　　　　　　THOMAS A. ADAMS
　　　　　　　　　　　　　　　　　　　　　　　Nassau County Attorney
　　　　　　　　　　　　　　　　　　　　　　　One West Street
　　　　　　　　　　　　　　　　　　　　　　　Mineola, New York 11501
　　　　　　　　　　　　　　　　　　　　　　　Attorney for Defendants
　　　　　　　　　　　　　　　　　　　　　　　(516) 571-3056

*Of Counsel*:　Liora M. Ben-Sorek
　　　　　　　　Deputy County Attorney

# **TABLE OF CONTENTS**

Table of Contents ………………………………………………………………… ii

Table of Authorities ……………………………………………………………… iii

Preliminary Statement …………………………………………………………. 1

ARGUMENT

    POINT I

    Plaintiff Has Not Properly Responded to Defendants' Rule 56.1 Statement
    of Undisputed Material Facts and, Consequently, the Defendants' Statement
    of Facts is Deemed Admitted …………………………………………….  1

    POINT II

    Opposition to Summary Judgment Requires More Than a Restatement of
    the Facts Alleged in the Complaint ………………………………………  3

Conclusion ……………………………………………………………………… 4

# TABLE OF AUTHORITIES

*Komatsu Equip. Co. v. Ravyn & Robyn Constr., LLC,*
 2018 WL 5456674 (E.D.N.Y. Aug. 8, 2018) ………………………………….. 2

*Luizzi v. Pro Transport Inc.,*
 2009 WL 252076 (E.D.N.Y. Feb. 2, 2009) …………………………………… 2

*Nassar Family Irrevocable Trust v. United States*,
 2016 WL 5793737 (S.D.N.Y. Sept. 30, 2016) …………………………………. 2

# PRELIMINARY STATEMENT

This Memorandum of Law is submitted on behalf of the County of Nassau, "the Police Commissioner for Nassau County 5th Precinct," Detective Diana Kelly, Lieutenant Gubba (s/h/a "Sergeant Gubba"), Police Officer Nordquist, Police Officer Leeb, Police Officer McGowan, Police Officer Battista, and Police Officer Grogan (hereinafter collectively referred to as the "Defendants") in further support of their motion for summary judgment made pursuant to Federal Rules of Civil Procedure 56.

Plaintiff filed an Opposition to the Defendants' motion which was docketed as DE 49 ("Pl's Opp."). That Opposition does not, however, present any disputed issues of fact or address the arguments made by Defendants in their moving papers. Instead, Pl's Opp. restates the conclusory and unsupported allegations contained in his complaint.

Consequently, Defendants' motion should be granted.

## POINT I

### PLAINTIFF HAS NOT PROPERLY RESPONDED TO DEFENDANTS' RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS AND, CONSEQUENTLY, THE DEFENDANTS' STATEMENT OF FACTS IS DEEMED ADMITTED

Local Civil Rule 56.1(a) requires a moving party to serve a "short and concise statement" setting forth what the movant believes are material facts for which there is no genuine issue to be tried. When responding to a motion for summary judgment, the opposing party is required to include a response to the movant's statement of facts which addresses each of the statements asserted. *See* Local Civil Rule 56.1(b). "Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party." Local Civil

Rule 56.1(c).  *See also Komatsu Equip. Co. v. Ravyn & Robyn Constr., LLC,* 2018 WL 5456674, at *1 (E.D.N.Y. Aug. 8, 2018), *report and recommendation adopted*, 2018 WL 4853052 (E.D.N.Y. Sept. 28, 2018), *aff'd sub nom. Indus. Water Sols., LLC v. Ravyn & Robyn Constr., LLC*, 789 F. App'x 920 (2d Cir. 2020) (citing *Nassar Family Irrevocable Trust v. United States*, 2016 WL 5793737, at *1 n.2 (S.D.N.Y. Sept. 30, 2016) ("Because Nassar has failed to file a response [to Defendant's Rule 56.1 Statement], all facts set forth in the Government's statement are deemed admitted in deciding the instant motion."), and *Luizzi v. Pro Transport Inc.,* 2009 WL 252076, at * 2 (E.D.N.Y. Feb. 2, 2009) ("Where the party opposing a motion for summary judgment fails to submit a proper counter-statement of material facts, controverting the moving party's statement, courts have deemed the moving party's statement of facts to be admitted and have granted summary judgment in favor of the moving party on the basis of the uncontroverted facts.").

In this case, the County Defendants served their Statement of Material Facts in accordance with the Local Rule.  Plaintiff's response (DE 49 at pages 19-20), however, did not conform to the statute's requirements for a number of reasons.  First, he failed to respond to the Defendants' statement of facts; and second, his own statements are unsupported by any citation to admissible evidence.  Consequently, for purposes of this motion, the Defendants' Statement of Facts should be deemed admitted and summary judgment should be granted in the Defendants' favor on the basis of the uncontroverted facts.

# POINT II

## OPPOSITION TO SUMMARY JUDGMENT REQUIRES MORE THAN A RESTATEMENT OF THE FACTS ALLEGED IN THE COMPLAINT

Pl's Opp. rests on the same allegations that were set forth in his Complaint (see Exhibit A to Defendants' Initial Motion Papers, Summons and Complaint (DE 1)). For example, Defendants did not have a warrant (*see* DE 1 at ¶ 18; and DE 49 at p. 3, ¶ 3); no consent was given for the search of the premises (*see* DE 1 at ¶¶ 19 and 27; and DE 49 at p. 3, ¶¶ 4 and 6); Defendants were acting in conjunction with Immigration and Customs Enforcement (*see* DE 1 at ¶¶ 21, 38-39; and DE 49 at pages 4-5, ¶¶ 10 and 18).

As set forth at Point I of the Defendants' initial moving papers, the Nassau County Court determined, among other things, that exigent circumstances existed which obviated the need for a warrant (see Exhibit E, Hon. Quinn decision), and that consent to search was freely given (*Id*). As for Plaintiff's claim that Defendants were working with or at the behest of Immigration officials, he has offered nothing to support that claim.

The above provides the Court with three examples of Plaintiff's continued use and reference to the allegations in the Complaint as his only Opposition to summary judgment. Notably, Plaintiff offered no proof, facts, or specificity to support any of his claims or to demonstrate a triable issue of fact.

The bulk of Plaintiff's Opposition (DE 49 pages 24 through 228) consists of his medical records from the Nassau County Correctional Center ("NCCC"). These records include his Health Assessment which was conducted upon his admission to the NCCC on June 11, 2017. Most notable are the intake health assessment forms which reflect that Plaintiff had no

complaints of pain and did not report any injury.  (*See* DE 49 at pages 63, 64, 77, 78, and Defendants' Exhibit M).

The sick call requests, progress notes and medication/treatment logs reflect dates in 2018 and 2019.  Plaintiff has not shown any record that substantiates his claim of injury upon arrest.  Interestingly, the Progress Note dated August 17, 2018 contains the notation that Plaintiff "reports upon arrest [14 months earlier] he bumped his leg on a small table in his room.  States pain had not been that bothersome until 1 week ago." (*See* DE 49 at p. 149).  Even if true, this does not create a material issue of fact because this first mention of an injury is too far removed in time to the date of arrest and, more importantly, Plaintiff claims he bumped his leg on a piece of furniture.  These records do not substantiate the claim of excessive force and Plaintiff has not submitted any evidence other than his own self-serving unsupported statements.

## **CONCLUSION**

For the reasons set forth hereinabove, and in the Defendants' initial motion papers as well, the Defendants respectfully request an Order granting summary judgment in their favor as a matter of law, dismissing the action in its entirety and with prejudice, together with such other and further relief as this Court may deem just and proper.

Dated: Mineola, New York
      May 2, 2022

                                            THOMAS A. ADAMS
                                            Nassau County Attorney
                                            One West Street
                                            Mineola, New York 11501
                                            Attorney for Defendants

                               By:    *Liora M. Ben-Sorek*
                                            Liora M. Ben-Sorek
                                            Deputy County Attorney
                                            (516) 571-3014

To: Marbin Rodriguez, A#212-948-199 (Via First-Class Mail)
　　　Buffalo Federal Detention Facility
　　　4250 Federal Drive
　　　Batavia, New York 14020
　　　Plaintiff *Pro Se*